GARY M. RESTAINO
United States Attorney
District of Arizona
ARON KETCHEL
Assistant United States Attorney
California State Bar No. 250345
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: aron.ketchel@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 1 0 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**SEALED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Diana Marie Moore, <br><br> Defendant. | No. **CR-23-00040-PHX-SMB (JZB)** <br><br> **INDICTMENT** <br><br> VIO: 18 U.S.C. § 1343 <br> (Wire Fraud) <br> Count 1 <br><br> 18 U.S.C. § 1957 <br> (Money Laundering) <br> Count 2 <br><br> 18 U.S.C. §§ 981 and 982, <br> 21 U.S.C. § 853, and <br> 28 U.S.C. § 2461(c) <br> (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

*Background on Arizona Health Care Containment System*

1. The Arizona Health Care Cost Containment System ("AHCCCS") is Arizona's Medicaid agency that offers health care programs to serve Arizona residents. AHCCCS contracts with several health plans to provide covered services and also works with medical providers such as, doctors, hospitals, pharmacies, specialists, and counselors, to provide care for AHCCCS members (patients). Covered services include, among other services, behavioral health counseling services, such as counseling and substance abuse treatment.

2. All medical providers who serve AHCCCS members are required to be screened and enrolled as an approved provider before AHCCCS pays the provider for medical services provided to its members. For a medical professional to become a provider in the AHCCCS program, the provider must truthfully and accurately complete a provider enrollment paperwork package and submit it to AHCCCS. Reviewing officials at AHCCCS review such applications and, if they approve the application, the medical provider is then permitted to begin providing medical services to AHCCCS members and receive payments from AHCCCS for medical services rendered.

3. In 2019, the AHCCCS provider application, in pertinent part, required a medical provider applicant (the "Provider Applicant") to truthfully disclose the following information:

 a. any individual who has a direct or indirect ownership interest of 5% or more in the Provider Applicant; and

 b. all agents and managing employees of the Provider Applicant.

4. In 2020, the AHCCCS provider application, in pertinent part, required a Provider Applicant to truthfully disclose the following information:

 a. any individual who has an ownership or control interest in the Provider Applicant;

 b. all agents and managing employees of the Provider Applicant;

 c. any individual described in subsection 4(a) or 4(b) who has been convicted of a federal or state felony after August 21, 1996; and

 d. any individual described in subsection 4(a) or 4(b) who has been terminated, denied enrollment, suspended, revoked, precluded, determined ineligible, restricted by Agreement, or otherwise sanctioned by Medicare, AHCCCS, a Medicaid program in any other state, or any other governmental or private medical insurance program.

5. After the Provider Applicant submits its provider enrollment paperwork package for review and it is approved by AHCCCS, the approved provider is then entitled to provide medical services to AHCCCS members and receive payments from AHCCCS for the medical services rendered.

6. After an approved AHCCCS provider provides services to an AHCCCS member, the provider typically submits a claim for payment through an online portal operated by AHCCCS. As part of such a claim submission, AHCCCS requires the provider to disclose the date services were provided, a code(s) that reflect the type of service(s) provided, as well as the total amount of reimbursement sought by the provider.

7. AHCCCS typically pays its providers either by check or by electronically transmitting funds to a bank account.

*Harmony Family Services*

8. On or about August 12, 2019, AHCCCS received a fax containing a provider enrollment application package for Harmony Family Services (the "2019 HFS Application") signed and dated August 12, 2019. The 2019 HFS Application contained the following pertinent information:

a. The 2019 HFS Application sought permission for HFS to operate a behavioral health counseling center located in Mesa, Arizona, and to bill for services rendered and receive payments from AHCCCS.

b. The owners of HFS were identified as individuals with the initials J.T. and D.E., with each sharing an equal fifty percent ownership interest in HFS.

9. The 2019 HFS Application omitted the fact that the defendant, DIANE MARIE MOORE ("MOORE"), had a direct ownership interest in HFS greater than 5%.

10. AHCCCS approved the 2019 HFS Application on or about November 20, 2019, and HFS was thereafter permitted to submit claims to be reimbursed for the treatment of AHCCCS patients.

*Harmony Family Services II*

11. On or about July 16, 2020, AHCCCS received a fax containing a provider enrollment application package for Harmony Family Services II (the "2020 HFS II Application") signed and dated June 1, 2020. The 2020 HFS II Application contained the following pertinent information:

    a. The 2020 HFS II Application sought permission for HFS II to operate a behavioral health counseling center located in Gilbert, Arizona, and to bill for services rendered and receive payments from AHCCCS.

    b. The 2020 HFS II Application stated that J.T. was the 100% owner of HFS II.

12. The 2020 HFS II Application omitted the following pertinent information:

    a. MOORE had an ownership and control interest in HFS II.

    b. MOORE had previously been convicted of a state felony offense, that is, on or about December 1, 2009, MOORE was convicted of Attempt Fraudulent Use of Credit or Debit Card, a felony offense, in the District Court of Clark County, Nevada, in violation of Nevada Revised Statute §§ 193.330 and 205.760.

    c. An individual with the initials M.M., who was listed on HFS organizational charts as having the role of "Chief Learning Officer" or "Admin Team" had been previously terminated, suspended, revoked, and determined ineligible by Medicare as well as the State of Nevada Medicaid program in or around September 2015.

13. AHCCCS approved the 2020 HFS II Application on or about August 20, 2020, and HFS II was thereafter permitted to submit claims to be reimbursed for the treatment of AHCCCS patients.

14. Between approximately January 1, 2020, and December 31, 2021, HFS and HFS II collectively submitted approximately 11,850 claims to AHCCSS seeking reimbursement for services purportedly provided by HFS and HFS II. As a result of claims

submitted by HFS and HFS II, AHCCCS paid HFS and HFS II collectively over $22,000,000 during the same time period.

## COUNT 1
## Wire Fraud
## (18 U.S.C. § 1343)

15. The factual allegations above are incorporated for Count 1.

16. Beginning at a time unknown to the Grand Jury, but at least as early as August 12, 2019, and continuing until the present, in the District of Arizona and elsewhere, the defendant DIANE MARIE MOORE knowingly and willfully devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by intentional concealment and omission of material facts.

17. On or about each of the dates set forth below, for the purpose of executing the scheme and artifice, MOORE did knowingly transmit and caused to be transmitted by means of wire communication in interstate commerce to and from the District of Arizona the signals and sounds described below:

| Count | Date | Description |
|---|---|---|
| 1 | 12/29/20 | Claim Submission to AHCCCS for $71,156.24 |

All in violation of 18 U.S.C. § 1343.

## COUNT 2
## Money Laundering
## (18 U.S.C. § 1957)

18. The factual allegations above are incorporated for Count 2.

19. On or about the dates set forth below, in the District of Arizona and elsewhere, defendant DIANE MARIE MOORE knowingly engaged and attempted to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater

- 5 -

than $10,000 as described below, such property having been derived from a specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343:

| Count | Date | Description |
|---|---|---|
| 2 | 2/26/21 | $100,000 Deposit in JP Morgan Chase Bank Account ending in -7111 |

All in violation of 18 U.S.C. § 1957.

## FORFEITURE ALLEGATION

20. The factual allegations above are incorporated for forfeiture. The grand jury further realleges and incorporates the allegations of Counts 1 and 2 of this indictment, which are incorporated by references as though fully set forth herein.

21. Pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1 through 2 of this Indictment, defendant DIANE MARIE MOORE shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offense(s), or any property traceable to such property involved in the offense(s), or conspiracy to commit such offense(s), including the following: all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of a statute listed in 18 U.S.C. § 982; all other property constituting proceeds obtained as a result of those violations; and all property used in any manner or part to commit or to facilitate the commission of those violations including, but not limited to, the sum of money representing the amount of money involved in the offense(s) and the property named below.

  a. The property at 1752 East Menlo Street, Mesa, Arizona 85203, titled to MOORE.

  b. The property at 8112 Hercules Drive, Las Vegas, Nevada 89128, titled to MOORE.

  c. The property at 6329 Snap Ridge #3, North Las Vegas, Nevada

89081, titled to LIV & Associates LLC.

        d.      The property at 5645 Whitner Drive NW, Atlanta, Georgia, 30327, titled to MOORE.

22.    If any of the forfeitable property, as a result of any act or omission of the defendant,

        a.      cannot be located upon the exercise of due diligence,
        b.      has been transferred or sold to, or deposited with, a third party,
        c.      has been placed beyond the jurisdiction of the court,
        d.      has been substantially diminished in value, or
        e.      has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

/S/
FOREPERSON OF THE GRAND JURY
Date: January 10, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

/S/
ARON KETCHEL
Assistant U.S. Attorney