UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-23-0040-01-PHX-SMB |
|---|---|
| Plaintiff, | **ORDER OF FORFEITURE** |
| v. | |
| Diana Marie Moore, | |
| Defendant. | |

As a result of defendant's guilty plea to Count 1 of the indictment charging the defendant with a violation of 18 United States Code (U.S.C.) § 1343, Wire Fraud, a Class C felony offense, and Count 2 of the indictment charging the defendant with a violation 18 U.S.C. 1957, Money Laundering, a Class C felony offense, the defendant agreed to forfeit all right, title and interest in the following Subject Property:

a. **1752 East Menlo Street, Mesa, Arizona 85203 APN: 136-04-072,** titled in the name of Diana Moore and more particularly described as: Lot 51, Forest Knoll, a subdivision recorded in Book 268 of Maps, Page 45, and affidavit of correction recorded at Recording No. 1984-297765, records of Maricopa County, Arizona.

b. **8112 Hercules Drive, Las Vegas, Nevada 89128-2013, APN: 138-28-116-025**, titled in the name of Diana Moore, more particularly described as: Lot Twenty-Five (25) in Block One (1) of Constellation, as shown by Map thereof on file in Book 56 of Plats, Page 20, in the office of the County Recorder of Clark County, Nevada.

c. **6329 Snap Ridge Street, Unit 3, North Las Vegas, Nevada 89081-3849, APN: 123-30-511-078**, titled in the name of LIV & Associates LLC, more particularly

described as: Parcel One (1): An undivided 1/12 interest as tenant in common in and to Phase 22 of Centennial Highlands Unit 2, as shown by Map thereof on file in Book 115 of Plats, Page 40, in the Office of the County Recorder of Clark County, Nevada. Excepting therefrom the following, all units in all residential buildings and designated exclusive easement as shown on the condominium plat referred to above. And reserving therefrom, the right to possession of all those areas designated as exclusive use easements shown upon the plat referred to above. And further reserving therefrom for the benefit of owners in future development, non-exclusive easements in, to and over the common area as defined and shown upon the condominium plat referred to above, for ingress, egress and enjoyment, subject to the terms and more particularly set forth in the declaration of covenants, conditions and restrictions and reservation of easements for Blackhawk Homeowners Association, Recorded June 14, 2002 in Book 20040614 as Document No. 01520, as the same may from time to time be amended and/or supplemented of official records, excepting from the common area, any residential buildings therefrom and any portion thereof which is designated as exclusive use easements. Parcel Two (2): Living Unit 3 in Building 49 of Centennial Highlands Unit 2, as shown by Map thereof on file in Book 115 of Plats, Page 40, in the in the Office of the County Recorder of Clark County, Nevada. Parcel Three (3): The exclusive right to use, possession and occupancy of those portions of Parcel One (1) described above as limited common elements and depicted as limited common element balcony/limited common element yard, of the condominium subdivision referred to above, which right is appurtenant to Parcels One (1) and Two (2) above described. Parcel Four (4): A non-exclusive easement of access, ingress, egress, use and employment of, in, to and over the common elements of Centennial Highlands Unit 2, on file in Book 115 of Plats, Page 40, in the Office of the County Recorder of Clark County, Nevada, and future units, which easement is appurtenant to Parcels One (1) and Two (2) described above. Together with all tenements, hereditaments and appurtenances, including easements and water rights, if

any, thereto belonging or appertaining, and any reversions, remainders, rents, issues or profits thereof.

d. **5645 Whitner Drive, Atlanta, Fulton County Georgia 30327-4746**, more particularly described as: All that tract or parcel of land lying and being in Land Lot 134, District 170th, Fulton County, Georgia, and being more particularly described as follows: To find the point or beginning, commence at the intersection of the extended Southeastern right-of-way line of Mount Vernon Highway (being 25 feet from the centerline) with the extended Northeastern right-of-way line of Whitner Drive (being a 50 foot right-of-way); thence Southeasterly along the Northeastern right-of-way line of Whitner Drive for a distance of 242.32 feet to an iron pin set (1/2 foot rebar) and the true point of the beginning. Thence North 64 degrees 40 minutes 34 seconds East for a distance of 211.84 feet to an iron pin set (1/2 foot rebar); Thence South 16 degrees 12 minutes 54 seconds East for a distance of 143.92 feet to an iron pin set (1/2 foot rebar); Thence South 62 degrees 30 minutes 37 seconds West for a distance of 199.50 feet to an iron pin set found (1/2 foot rebar) on the Northeastern right-of-way line of Whitner Drive (being a 50 foot right-of-way; Thence North 22 degrees 53 minutes 41 seconds West for a distance of 33.32 feet along said right-of way line to a point; Thence North 21 degrees 03 minutes 13 seconds West for a distance of 48.33 feet along said right of way line to a point; Thence North 20 degrees 52 minutes 58 seconds West for a distance of 68.37 feet along said right-of-way line to an iron pin set (1/2 foot rebar) and the point  of beginning; Together with and subject to covenants, easements, and restrictions of record. Said property contains 0.689 acres and is more fully shown as Tract 1 on final exemption plat for Ruth M. Kirby dated October 23, 1997, as last revised on December 2, 1997, prepared by Brumbelow-Reese and Associates, Inc., and being identified as their drawing names RKIRB and Job Number 94157. TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or

3

in anywise appertaining, to the only proper use, benefit and behoof of the said party of the second part, his heirs and assigns, forever, in FEE SIMPLE, and

    e.  Property listed in the attached Exhibit 1.

The Court has determined that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. §§ 981, 982, 21 U.S.C. § 853 and 28 U.S.C. § 2461(c). The government has established the requisite nexus between the Subject Property and the offenses to which the defendant pled guilty. The Court finds that the defendant has forfeited all right, title and interest defendant may have in the Subject Property.

Upon the entry of this Order, the United States is authorized to seize the Subject Property and to conduct any discovery to identify, locate or dispose property that is subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3). Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

Any person asserting a legal interest in the Subject Property must, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of any alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the defendant's sentencing and shall be included in the sentence and judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject

Property, and any additional facts supporting the petitioner's claim and the relief sought, and serve a copy upon **Joseph F. Bozdech,** Assistant United States Attorney.

After the disposition of any motion filed pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated this 12th day of July, 2023.


Honorable Susan M. Brnovich
United States District Judge

5